# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GILBERT MAXIMILLANO GALAVIZ,<br><br>Defendant. | Case No. 1:20-cr-00005-JLT-SKO-1<br><br>ORDER DENYING DEFENDANT'S DISCOVERY REQUEST WITHOUT PREJUDICE |

Before the Court is a request from Defendant Gilber Maximillano Galaviz ("Defendant") for the U.S. Probation Office to produce certain Chronos notes. (See ECF No. 74.)

As relevant here, on January 6, 2020, Defendant pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (ECF No. 17, 19.) On January 16, 2024, Defendant was sentenced to time served, a special assessment of $100.00, and 36 months of supervised release with conditions. (ECF No. 69.) On October 31, 2025, a supervised release violation petition was filed, and the Hon. Jennifer L. Thurston ordered that a no bail warrant be issued. (ECF No. 71.) In the petition, it charged that Defendant failed to comply with the terms of his supervised release in three charges. Charge 1: Defendant failed to notify probation of a change of address. Charge 2: Defendant failed to report to the probation officer as instruction. Charge 3: Defendant failed to notify probation of a change in employment.

In support that Defendant had violated these charges, the petition outlined the following

factual basis.  On January 18, 2024, supervision was transferred to the Northern District of California.  On April 17, 2025, United States Probation Officer (USPO) Davis contacted Defendant by telephone and directed him to report to the probation office on April 23, 2025, at 9:00 a.m.  On April 23, 2025, Defendant failed to report and did not respond to any further correspondence.  On October 17, 2025, USPO Davis attempted to contact Defendant at his reported address, a sober living environment.  Upon arriving, USPO Davis received no response and left a business card at the front door directing Defendant to call back immediately.  Defendant did not return USPO Davis's phone call.  On October 20, 2025, USPO Davis emailed Defendant and directed him to report on that same day at 3:00 p.m.  Defendant failed to report at the directed time and did not respond to any correspondence.  On October 23, 2025, USPO Davis attempted to contact Defendant at his reported address.  USPO Davis made contact with another resident, who reported Defendant had not lived at the residence since June.  On October 29, 2025, USPO Davis spoke with the director of the sober living environment Defendant was reporting as his residence.  The director reported Defendant no longer lived at the residence and had not lived there in months.

Defendant was arrested, and on January 22, 2026, the Court held an initial appearance on the petition for violation of supervised release.  (ECF No. 74.)  Following appointment of counsel and entering a denial of the charges, Defendant made a specific discovery request. Defendant asked the Court to order the U.S. Probation Office, Northern District of California, to provide its Chronos notes relating to Defendant from January 17, 2024, through the present. Probation requested that the Court not release the Chronos notes.  The Court offered a solution whereby it would review the Chronos notes *in camera*.  However, before the Court could do so, it required Defendant to give a sufficient basis for doing so, as well as outlining what exactly Defendant was hoping to locate.  In particular, the Court observed that Chronos notes capture more than just conversations between probation officers and supervisees, but also potentially included information regarding conversations between probation officer and a supervisor or other communications devoid of relevance.  The Court offered that Defendant could file a letter under seal with the Court stating his position and justification.

On January 29, 2026, Defendant provided a letter to the Court. The Court has reviewed the letter and finds that it does not provide a sufficient basis to release the Chronos notes Defendant seeks at this time. Therefore, the Court will deny this request without prejudice for overbreadth and relevance to the charges. If the Defendant to raise before the Court then he must file a properly noticed motion on the matter, giving his reason as to why the officer's Chronos are relevant to the underlying charges. While some Chronos may be relevant to the charges, the request as it presently stands is overbroad.

Accordingly, the Court ORDERS the following:

1. Defendant's discovery request made in the January 29, 2026 letter is DENIED WITHOUT PREJUDICE;

2. Absent and agreement between the Probation office and the Defendant, the Defendant must file written discovery motion, served consistent with the local rules, allowing the government and probation office a notice and opportunity to be heard on the request;

3. The Court ORDERS that the Clerk file Defendant's January 29, 2026 letter on the docket in this case UNDER SEAL; and

4. The Court FURTHER ORDERS that this order and the letter be served on Adam Tunison, Assistant Deputy Chief of Probation, U.S. Office of Probation.

IT IS SO ORDERED.

Dated:    **January 30, 2026**    _____

STANLEY A. BOONE
United States Magistrate Judge

3